W. S. NORMENT, Adm'r., &c. v. JOHN PARKS.·

A deed which conveys to one certain property naming the same *seriatim*, and which also conveys "all my other estate and interest," does not include a mule which the grantor had theretofore given to her grandson. And as the gift to the grandson was without consideration, the mule was subject to the debts against the grantor.

CIVIL ACTION against the defendant as *executor de son tort*, for the recovery of a mule, tried before *Logan, J.*, at Spring Term, 1874, of MECKLENBURG Superior Court.

The following is substantially the case agreed:

One Mary Howie was indebted by note to the intestate of the plaintiff; that she died in the county of Cabarrus, and that no administration had been granted on her estate.

In the spring of 1866 Mary Howie had a considerable estate, consisting of her dower in 200 acres of land, with a well furnished dwelling house. Another tract of 160 acres, for a part payment of which the note sued on was given. She also had two mules, four horses, some cows and farming utensils, household and kitchen furniture worth $2,000 or over.

John Parks, the defendant, married a daughter of Mary Howie, and after her death took possession of the property. One Mansen Howie, col., testified that as a renter he worked on the farm of Mary Howie in the year 1866, and that at that time she had the above property and the two farms; that she

rented the land, furnishing her tenants stock, farming utensils, &c., and that they paid her two-thirds of what was made. For 1866 she received something over three bales of cotton, 300 bushels of corn and other products, with $670. That John Parks came to Mrs. Howie's to live in the beginning of the year 1867, the witness working for him that year; and that he took possession of the horses and mules which he sold, all with the exception of one mule, worth about $150. Those sold were worth $450. He, the defendant Parks, also sold the cotton and used the grain made in the lifetime of Mrs. Howie, and that at her death he sold the mule she had kept in possession. Witness had heard her say that this mule was her grandson's.

The defendant introduced as evidence a deed by Mary Howie to him, dated June, 1866, reciting a consideration of $1,881, and conveying all her estate in two tracts of land, and certain personal property in which are enumerated two horses. He, the defendant as a witness, then stated that the deed was given to him for the consideration set forth therein, and that it consisted of $367, money advanced, and the balance of $1,500 was due his wife on settlement. That Mrs. Howie had acquired no property after the deed was made. The defendant had married her daughter in April, 1866, and the deed was executed in the June following. His wife had lived with her mother up to the time of the marriage, and that her mother was indebted to her for the hire of slaves during the years 1863 and 1864, and other property. Defendant further stated, that at the time he took the deed from his mother-in-law, he knew that the debt sued on was unpaid and was part of the purchase money for one of the tracts of land conveyed to him. That at the death of Mrs. Howie, there was a mule left upon the premises, which she had given to her grandson; that he had never taken possession of it, but after the death of the old lady, he sold it for the grandson. He further stated that he had paid about $80 burial expenses out of his own funds.

His Honor charged the jury that an *executor de son tort* was one who being neither executor nor administrator of a

deceased person, intermeddles with, or converts to his own use property of the deceased; and that it was for the jury to say whether the defendant in this case had intermeddled with or converted to his own use any of the property of Mary Howie, and if so, how much. If he had done so the plaintiff would be entitled to a verdict for the amount so found. If the defendant had not so intermeddled, then he would be entitled to their verdict.

The defendant's counsel asked the Court to instruct the jury that the deed from Mary Howie conveyed all the property she had to defendant. This his Honor refused, but told the jury that they had all the facts before them, and to take the case and make up their verdict.

The jury found for the plaintiff, assessing his damage at $150. Motion for a new trial refused. Judgment and appeal by defendant.

*Wilson & Son*, for appellant.
*McCorkle & Bailey*, contra.

SETTLE, J. We think the defendant may esteem himself fortunate that the demand of the plaintiff is so modest, and that he has contented himself with the recovery of the value of the mule, given by Mrs. Howie to her grandson, without consideration, and has not seen fit to attack the deed of Mrs. Howie to the defendant for fraud. There is nothing to support the idea that the mule passed to the defendant under the deed of Mrs. Howie, for the property professed to be conveyed, is named *seriatim*, for instance, "two horses," &c.

Why then does not the maxim, *expressio unius est exclusio alterius*," apply? The defendant replies, because after enumerating specifically certain property, there is a clause in the deed which conveys "all my other estate and interest," to himself and wife, &c. But this is clearly an after thought, for the defendant himself upon the trial testified that Mrs. Howie

had no estate or interest in the mule in question, for the reason that she had parted with it by gift to her grandson.

And while it may be conceded that the gift to the grandson was good, as between the parties it certainly cannot stand a moment before the claims of creditors.

Let it be certified that there is no error.

Per. Curiam.                                    Judgment affirmed.